UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| CODY LICON, Individually and For Others Similarly Situated<br><br>v.<br><br>BOS SOLUTIONS, INC. | **Case No. 1:19-cv-1130**<br><br>JURY TRIAL DEMANDED<br><br>CLASS AND COLLECTIVE ACTION |

### JOINT MOTION TO APPROVE FLSA
### SETTLEMENT AND DISMISS LAWSUIT WITH PREJUDICE

**1.    INTRODUCTION**

Plaintiffs Cody Licon, Michael Blackwood, and Chris McCollum (collectively, Plaintiffs) and Defendant BOS Solutions, Inc. (Defendant) file this Joint Motion to Approve the Parties' FLSA Settlement and Dismiss this Lawsuit with Prejudice pursuant to the settlement reached in this case. The settlement is a reasonable compromise that will adequately compensate Plaintiffs for the unpaid overtime hours alleged and will eliminate the need for the Parties to engage in protracted and expensive litigation.

**2.    BACKGROUND**

Licon filed this collective action on December 3, 2019. ECF 1. Licon alleged BOS misclassified him and other similarly situated workers as independent contractors and paid them a day rate with no overtime in violation of the Fair Labor Standards Act (FLSA) and New Mexico Minimum Wage Act (NMMWA). *Id*. Licon therefore claimed he and the class members were entitled to unpaid back wages, as well as liquidated damages, attorneys' fees, interest, and costs. *Id.*; *see also* 29 U.S.C. § 216.

The parties hotly contested BOS's actions, good faith, pay practices, and other issues. Ultimately, a settlement was reached. *See* Exhibit 1, Settlement Agreement and Release (the Agreement). Plaintiffs will receive meaningful relief for their claimed overtime hours. Plaintiffs submit this is a fair and reasonable result of a *bona fide* dispute concerning the payment of wages to Plaintiffs.

*See id.* at ¶ 11.3.

**3.     SETTLEMENT TERMS**

The settlement terms are set forth in the Agreement. *See* Ex. 1. A summary of the settlement terms is as follows:

- Plaintiffs individual Settlement Amounts based on their pro rata share of the Net Settlement Amount based on the number of days they worked during the relevant time period. Ex. 1-A.

- In exchange for the payments, Plaintiffs will release BOS and the Released Parties from any and all Released Claims. Ex. 1 at ¶ 7.

- Class Counsels' Attorneys' Fee and Cost Payment shall be paid via wire. These Payments are not be subject to withholdings. *Id.* at ¶ 8.

- Class Counsel will receive reasonable attorneys' fees and costs, or 40% of the Gross Settlement Amount. *Id.* at ¶ (a).

**4.     ARGUMENT & AUTHORITY**

"When employees file suit against their employer to recover back wages under the FLSA, the parties must present any proposed settlement to the district court for review and a determination of whether the settlement agreement is fair and reasonable." *Baker v. Vail Resorts Mgmt. Co.*, 2014 WL 700096, at *1 (D. Colo. Feb. 24, 2014) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)). "To approve the settlement agreement, the Court must find that (1) the litigation involves a *bona fide* dispute, (2) the proposed settlement is fair and equitable to all parties concerned, and (3) the proposed settlement contains a reasonable award of attorneys' fees." *Id.* (citing *Lynn's Food Stores*, 679 F.2d at 1354). The United States District Court of New Mexico has adopted this same analysis. *See, e.g.*, *Rodarte v. Board of County Com'rs of Bernalillo Cnty.*, 2015 WL 5090531, at *7 (D.N.M. Aug. 28, 2015) ("[T]he Court will subsume its discussion of those factors to the more general

concerns identified by the *Baker* court as dispositive to *Lynn's Food*."). That being said, "an extensive review of every FLSA settlement has never been required by the Tenth Circuit" nor by this District. *See, e.g., Acevedo v. Southwest Airlines Co.*, 2019 WL 6712298, at *6-7 (D.N.M. Dec. 10, 2019) (citing *Arnold v. Navika Capital Grp., LLC*, No. 14-CV-378-GKF-FHM, 2016 WL 8198319, at *1 (N.D. Okla. May 20, 2016) ("[B]ecause the Tenth Circuit has not yet required court approval for FLSA settlements, the movants remain free to enter into the settlement agreements, if they so desire."); *Fails v. Pathway Leasing Ltd. Liab. Co.*, No. 18-cv-00308-CMA-MJW, 2018 WL 6046428, at *4 (D. Colo. Nov. 19, 2018) (holding, in the FLSA context, "the Court is not required to review the merits of the settlement agreement, and the parties may no longer wish for the Court to do so")).

### A. A *bona fide* dispute existed.

Parties requesting approval of an FLSA settlement must provide the Court with sufficient information to determine whether a bona fide dispute exists. *Id.* (citing *Baker*, 2014 WL 700096 at *1). To meet this requirement, the following must be presented:

> (1) a description of the nature of the dispute; (2) a description of the employer's business and the type of work performed by the employees; (3) the employer's reasons for disputing the employees' right to a minimum wage or overtime; (4) the employees' justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage.

*Baker*, 2014 WL 700096 at *1.

The following demonstrates the presence of a *bona fide* dispute in which Plaintiffs have a reasonable chance of prevailing on the merits, whereas the Defendant has viable defenses that could, at the very least, reduce Plaintiffs' recovery.

### i. Description of the Dispute, Employer's Business, and the Type of Work Performed by Employees.

Licon filed this putative collective, alleging BOS misclassified him and other similarly situated workers as independent contractors and paid them a day rate with no overtime compensation in

3

violation of the FLSA and NMMWA. ECF 1.

Plaintiffs performed work for BOS as Solids Control Technicians. *Id.* As Solids Control Technicians, Plaintiffs spent their time separating drilling fluid from the solids crushed by the drill bit and carried up to the surface in the drilling fluid. *Id.* at ¶ 40. Plaintiffs further alleged they performed non-exempt work, did not have any supervisory responsibilities, could not hire or fire BOS's employees, did not exercise discretion or judgment as to matters of significance, and were blue-collar workers. *Id.* at ¶¶ 41-44.

BOS is the leading providers of Solids and Liquids Waste Separation Solutions with operations throughout the United States, including in New Mexico. *Id.* at ¶ 31. Indeed, Plaintiffs alleged that the Solids Control work they performed for BOS was integral to its business objectives. *Id.* at ¶ 32.

  **ii.**  **Employer's Reasons for Disputing Employee's Right to Minimum Wage or Overtime.**

BOS contends that it was not Plaintiffs employer, and that Plaintiffs were properly classified as independent contractors. Defendant therefore contends that, as independent contractors, Plaintiffs were not entitled to the overtime provisions of the FLSA or NMMWA. *See*, *e.g.*, ECF 8 at Aff. Def. No. 25.

  **iii.**  **Employees' Justification for the Disputed Wages.**

As described, supra, Plaintiffs claim BOS improperly misclassified them as independent contractors in order to avoid paying them overtime. Plaintiffs further contend, as a matter of economic reality, their relationship with BOS rose to the level of an employee-employer relationship, and therefore they were entitled to the overtime provisions of the FLSA and NMMWA. ECF 1 at ¶¶ 18, 30, 53-64 (addressing the economic realities of Plaintiffs' relationship with BOS), 74-83 (same). Thus, because Plaintiffs contend they were actually BOS's employees, BOS's day rate pay policy

deprived them of overtime when they worked in excess of 40 hours in a workweek in violation of the FLSA and NMMWA. *Id.* at ¶¶ 20, 52.

        iv.        **Each Party's Estimate of the Number of Hours Worked and Wages Owed.**

Because Plaintiffs were paid on a day rate basis, BOS did not track their actual hours worked. Plaintiffs contend, however, that they generally worked 10 or more hours a day for up to 7 days a week, for weeks at a time. *Id.* at ¶¶ 50-51, 70. Because BOS did not track Plaintiffs' actual hours worked, Plaintiff are entitled to rely on their recollection to provide their best estimate of the number of hours they worked for BOS based on a just and reasonable inference. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (9146).

    **B. The Settlement is Fair and Equitable to All Parties Concerned.**

In determining whether a settlement is fair to the parties in a FLSA collective action, this Court looks at whether the settlement reflects the legal and factual disputes "at play when the settlement was reached while compensating FLSA collective action members with a significant portion of the amount Plaintiffs sought at trial." *Rodarte*, 2015 WL 5090531, at *9. The proposed settlement both reflects the disputes at play and would compensate Plaintiffs a significant portion of what they would seek at trial.

As previously discussed, there were considerable factual and legal disputes in this case. Both sides faced the usual, but significant burdens and risks attendant to a highly disputed action. For Plaintiffs, a jury could award substantially less—including awarding Plaintiffs nothing—than the proposed settlement amount. Regardless of outcome, each individual Plaintiff would have endured protracted litigation requiring the disruption of responding to additional written discovery, being deposed, preparing for trial, and testifying at trial. For BOS, a jury could award substantially more after having to also endure the added cost and burdens of trial.

After considering the factual and legal disputes, as well as the risks Plaintiffs face in going to

trial, the proposed settlement awards Plaintiffs a considerable portion of the wages and penalties they would have sought at trial.

Importantly, Plaintiffs agree that the terms of the Agreement are fair and reasonable, and Plaintiffs have raised no objections to the Agreement's terms. *See* Ex. 1. Plaintiffs' position strongly supports the approval of the Agreement.

Since the settlement reflects the legal and factual disputes "at play when the settlement was reached while compensating FLSA collective action members with a significant portion of the amount Plaintiffs sought at trial," it is fair to the parties and should be approved. *Rodarte*, 2015 WL 5090531, at *9.

### C. The Attorneys' Fees and Costs Requested Are Reasonable.

The FLSA entitles a prevailing plaintiff to recover a reasonable attorney's fee … and costs of the action. *See, e.g.*, *Gray v. Phillips Petroleum Co.*, 971 F.2d 591, 593 (10th Cir. 1992) (quoting 29 U.S.C. § 216(b)). For purposes of attorneys' fees, plaintiff is considered a "prevailing party" if he succeeds on any significant issue in litigation which achieves some of the benefit he sought in bringing suit. *Jackson v. Austin*, 267 F. Supp.2d 1059, 1063 (D. Kan. 2003). Though the court has discretion to determine the amount and reasonableness of the fee, the FLSA fee award is mandatory. *Wright v. U-Let-Us Skycap Serv., Inc.*, 648 F. Supp. 1216, 1218 (D. Colo. 1986).

Further, the Tenth Circuit has long held that calculation of an attorney's fee can be based on a percentage of the common fund bestowed upon the class. *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 454 (10th Cir. 1988). However, the percentage reflected in a common fund award must be reasonable. *Id.*

Here, Plaintiffs' Counsel seeks 40% of the Gross Settlement Amount, which will cover both attorneys' fees and costs. This is well within the range of fees and costs approved by other federal district courts within the Tenth Circuit. *See, e.g.*, *Robles v. Brake Masters Sys.,* No. CIV 10-0135 JB/WPL,

2011 WL 9717448, at *19, (D.N.M. Jan. 31, 2011) (The Court has recognized in other cases that "[f]ees in the range of 30–40% of any amount recovered are common in complex and other cases taken on a contingent fee basis."); *Geist v. Handke*, No. 2:17-cv-02317-HLT, 2018 WL 6204592, at *3 (D. Kan. Nov. 28, 2018) (approving 40% fees in FLSA settlement); *Vaszlavik v. Storage Technology Corp.*, No. 95-B-2525, 2000 WL 1268824, at *4 (D. Colo. Mar. 9, 2000) (noting for attorneys' fees in a common fund FLSA settlement, "the ordinary 20%-50% range and is presumptively reasonable"); *Cimarron Pipeline Const., Inc. v. Nat'l Council On Comp. Ins.,* Nos. CIV 89-822-T and CIV 89-1186-T, 1993 WL 355466 at *2 (W.D. Okla. June 8, 1993) ("Fees in the range of 30-40% of any amount recovered are common in complex and other cases taken on a contingent fee basis."). Importantly, Plaintiffs nor BOS are opposed to the requested attorneys' fees and costs. *See* Ex. 1. Accordingly, the Court should approve the requested fees and costs which are in the permissible range courts in the Tenth Circuit have recognized.

**5.  CONCLUSION**

For the foregoing reasons, the Court should approve the Parties' Settlement Agreement, enter judgment in the amounts specified in the proposed order, and dismiss this lawsuit with prejudice.

Respectfully submitted,

| | |
|---|---|
| /s/ *Andrew W. Dunlap* | /s/ *Daniel N. Lenhoff (with permission)* |
| **Michael A. Josephson** | **Michael J. Muskat** |
| TX Bar No. 24014780 | TX Bar No. 24002668 |
| (admitted in D.N.M.) | D.N.M. No. 17-134 |
| **Andrew W. Dunlap** | **Daniel N. Lenhoff** |
| TX Bar No. 24078444 | TX Bar No. 24003024 |
| (admitted in D.N.M.) | D.N.M. No. 17-135 |
| **Taylor A. Jones** | **MUSKAT MAHONY & DEVINE, LLP** |
| TX Bar No. | 1201 Louisiana Street, Suite 850 |
| (pro hac vice) | Houston, TX 77002 |
| **JOSEPHSON DUNLAP** | 713.987.7850 (Telephone) |
| 11 Greenway Plaza, Suite 3050 | 713.987.7854 (Fax) |
| Houston, Texas 77046 | |
| 713.352.1100 (Telephone) | **ATTORNEYS FOR DEFENDANT** |
| 713.351.3300 (Facsimile) | |
| mjosephson@mybackwages.com | |
| adunlap@mybackwages.com | |
| tjones@mybackwages.com | |

**AND**

**Richard J. (Rex) Burch**
TX Bar No. 24001807
(admitted in D.N.M.)
**BRUCKNER BURCH, PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713.877.8788 (Telephone)
713.877.8065 (Fax)
rburch@brucknerburch.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I served a copy of this document on all counsel of record via the Court's ECF system on February 26, 2020 in accordance with the Federal Rules of Civil Procedure.

/s/ *Andrew W. Dunlap*
**Andrew W. Dunlap**

8